UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REGINALD MARTINEZ, ET AL. | CIVIL ACTION |
| VERSUS | NO: 24-1270 |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC, ET AL. | SECTION: "A" (1) |

## ORDER AND REASONS

The following motions are before the Court: **Motion in Limine to Exclude the Plaintiffs' Expert (Rec. Doc. 36)**, **Motion for Summary Judgment (Rec. Doc. 37)**, and **Motion to Strike (Rec. Doc. 42)** filed by Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc.;[1] **Motion for Summary Judgment on Issue of Liability (Rec. Doc. 38)** filed by the plaintiffs, Reginald Martinez and Rosaria Martinez. The motions, submitted for consideration on October 1, 2025, are before the Court on the briefs without oral argument.[2]

Reginald Martinez filed this action in state court to recover for injuries that he sustained when he fell in the parking lot of the Outback Steakhouse located on Severn Avenue in Metairie, Louisiana. Mr. Martinez was 78 years old at the time of the incident.

---

[1] The defense's motions purport to include Kristopher Whittington as a moving party which is not allowed because Whittington is a non-diverse defendant who is alleged to be improperly joined. As explained below, as an improperly joined defendant Whittington has no jurisdictional standing to join in a notice of removal, to file an answer, or to invoke the jurisdiction of a federal court to obtain any merits-based relief in this diversity action.

[2] The motion to strike is actually noticed for October 15, 2025, but the Court does not require an opposition from the plaintiffs to determine that it lacks merit and should not be granted.
    Oral argument has been requested by the plaintiffs but the Court is not persuaded that it would be helpful.

Mr. Martinez sued the following defendants: Outback Steakhouse of Florida, LLC, Bloomin' Brands, Inc., and Kristopher Whittington. Even though the parties are not diverse in citizenship because Martinez and Whittington are both Louisiana citizens, the defendants nonetheless removed the case to federal court alleging diversity jurisdiction. Mr. Martinez's wife, Rosaria Martinez, was joined as a plaintiff via an Amended Complaint filed on May 21, 2025. (Rec. Doc. 21). Mrs. Martinez is also a Louisiana citizen.

This matter is currently scheduled for a jury trial on January 26, 2026. (Rec. Doc. 35, Minute Entry). A settlement conference before the magistrate judge is scheduled for October 30, 2025. (Rec. Doc. 41).

The Court is persuaded that all of the pending motions must be dismissed without prejudice because the defendants, Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc. ("Defendants"), who invoked jurisdiction in federal court by removing this case, have not established that the Court has subject matter jurisdiction over this civil action. The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occidental Steamship Co.,* 287 F.2d 252, 253–54 (5th Cir.1961)). Even in the absence of a motion to remand, federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte. *See Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) (citing *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94-95 (1998); *Weekly v. Morrow*, 204 F.3d 613, 615 n.6 (5th Cir. 2000 )).

Diversity jurisdiction requires complete diversity—no plaintiff can be a citizen of the same state as any defendant. *Lamar Co., L.L.C. v. Mississippi Trans. Comm'n*, 976 F.3d

2

524, 530 (5th Cir. 2020) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). If there is at least one non-diverse defendant, there is no federal diversity jurisdiction. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016).

Even though Whittington's presence as a defendant in this lawsuit destroys complete diversity, Defendants invoked the doctrine of improper joinder in order to remove this case to federal court. (Rec. Doc. 2, Notice of Removal ¶ 16). The notice of removal states only that Whittington was improperly joined because no viable claims exist against him after conducting a Rule 12(b)(6) analysis. (*Id.*). No supporting legal analysis is provided.

Notwithstanding the allegation of improper joinder, Defendants have continued to file pleadings and motions on behalf of Whittington, and Plaintiffs named Whittington as a defendant in their Amended Complaint. Both sides fail to recognize that if improper joinder applies to Whittington, then that will allow the Court <u>only</u> to dismiss him from this case <u>without</u> prejudice so as to retain jurisdiction over the remaining completely diverse parties in the case. *See Alviar v. Lillard*, 854 F.3d 286, 291 (5th Cir. 2017) (explaining how the district court erred by granting a non-diverse defendant's Rule 12(b)(6) motion after concluding that he was improperly joined). A finding of improper joinder, should one be made in this case, will not allow the Court to exercise subject matter jurisdiction over the claims between Plaintiffs and Whittington—and subject matter jurisdiction is required for any merits-based motions, *see Cox, Cox, Camel & Wilson, LLC v. Sasol N. Am., Inc.*, 544 Fed. Appx. 455 (5th Cir. 2013) (unpublished) (explaining that "[a] dismissal with prejudice is a final judgment on the merits" and therefore requires subject matter jurisdiction)—and it

will never allow Whittington to invoke the jurisdiction of the Court by filing motions of his own, dispositive or otherwise.

Plaintiffs did not challenge the allegation of improper joinder by filing a motion to remand but they likewise have not conceded improper joinder as to Whittington. Plaintiffs brought claims against Whittington in their Amended Complaint which was filed after removal, and they include language in their memorandum in support of summary judgment suggesting that they dispute the allegation of improper joinder. (Rec. Doc. 38-1, Memorandum in Support at 3). Plaintiffs are ambiguous as to their position regarding Whittington.

Unless Plaintiffs are willing to concede that Whittington has been improperly joined and therefore should be dismissed from this action without prejudice, this case cannot remain in federal court unless the Court determines over Plaintiffs' objection that Whittington has been improperly joined. Defendants will be required to establish improper joinder as to Whittington, and if the Court determines that they have not met their burden then the case must be remanded to state court.

The Court also notes that the jurisdictional allegations in the notice of removal are defective as to Outback Steakhouse of Florida, LLC because this entity is not a corporation. As an LLC, its citizenship is not based on domicile and principal place of business, (Rec. Doc. 2, Notice of Removal at ¶ 14), but rather on the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). The notice of removal does not identify the members of the defendant LLC or their citizenship, so the citizenship of Outback Steakhouse of Florida, LLC has not been "*distinctly* and *affirmatively* alleged." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*,

4

841 F.2d 1254, 1259 (5th Cir. 1988) (quoting *McGovern v. American Airlines, Inc.,* 511 F.2d 653, 654 (5th Cir.1975) (emphasis in original)).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion in Limine to Exclude the Plaintiffs' Expert (Rec. Doc. 36)**, **Motion for Summary Judgment (Rec. Doc. 37)**, **Motion to Strike (Rec. Doc. 42)**, and **Motion for Summary Judgment on Issue of Liability (Rec. Doc. 38)** are **DENIED** without prejudice.[3]

**IT IS FURTHER ORDERED** that on or before **Monday, October 20, 2025**, Defendants must file a memorandum in support of subject matter jurisdiction not to exceed ten (10) double-spaced pages in length. Plaintiffs' response shall be filed on or before **Friday, October 24, 2025**. These briefing requirements will be moot if Plaintiffs voluntarily move to dismiss the non-diverse Whittington from this case without prejudice. If Plaintiffs are willing to do so, then as a courtesy to defense counsel the Court asks that Plaintiffs file the motion to dismiss Whittington no later than **Friday, October 17, 2025**.

---

[3] The Court is dismissing the pending motions without prejudice only because subject matter jurisdiction is in question but the Court would strongly discourage both parties from reurging their motions if the case remains in federal court. The Court would not be inclined to grant either motion for summary judgment because the question of liability will be for the jury to decide. The Court observes, however, that it is particularly troubling that Defendants believe that they should be entitled to judgment as a matter of law on the issue of liability. As to Defendants' motion in limine challenging Plaintiffs' expert, all of the complaints that Defendants have raised can be brought out via rigorous cross examination. Complete exclusion of the witness is not necessary. Finally, if this case remains in federal court Defendants are advised that the Court finds no merit to their motion to strike Whittington's contradictory deposition testimony regarding the time of the trip and fall incident. Defendants cannot insulate themselves from Whittington's contradictory testimony by filing an ex parte, unilateral stipulation as to the time of the incident, which is what they have done. The contradiction presented by Whittington's deposition testimony is not rendered irrelevant by the stipulation because it goes to his credibility as a fact witness, and the Court will not allow the jury to be misled.

**IT IS FURTHER ORDERED** that on or before **Monday, October 20, 2025**, Defendants shall file a motion for leave, pursuant to 28 U.S.C. § 1653, to amend the jurisdictional allegations of the notice of removal to properly allege the citizenship of Outback Steakhouse of Florida, LLC.

October 14, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE